<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------

ROSEANN TODD,               :
                                     :
     Plaintiff,            :             Civil Action No. 06-4259 (SRC)
                                     :
     v.                    :             **OPINION**
                                     :
COMMISSIONER OF SOCIAL   :
SECURITY,                 :
                                     :
     Defendant.            :
---------------------------------------------------------:

<u>**CHESLER, District Judge**</u>

     This matter comes before the Court on the appeal by Plaintiff Roseann Todd ("Todd") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she is not eligible for Social Security Disability Benefits under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision is supported by substantial evidence and is hereby **AFFIRMED**.

## I.  BACKGROUND

     The following facts are undisputed.  Todd was born in 1948.  She reports that she has attained an educational level of one year of college.  She has worked as a sales assistant in a men's clothing store.  On October 27, 2003, she filed an application for Social Security Disability Insurance Benefits, alleging disability since September 7, 2003 due to back injury, right hand surgery, arthritis, carpal tunnel syndrome, mental disorder, and herniated disks.

     Plaintiff's claims were denied by the Commissioner initially and on reconsideration.

Pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Joel H.

Friedman (the "ALJ") on August 9, 2005, who denied Plaintiff's claim in an unfavorable

decision issued March 31, 2006.  After the Appeals Council denied Plaintiff's request for review

of the ALJ's decision, that decision became final as the decision of the Commissioner of Social

Security.  On September 8, 2006, Plaintiff filed the instant appeal of the Commissioner's

decision.

## II.  DISCUSSION

A.    Standard of Review

       This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C.

§ 405(g).  This Court must affirm the Commissioner's decision if it is "supported by substantial

evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services,

841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co.

v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of

evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357,

360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then

determine whether there is substantial evidence to support the Commissioner's decision.  See

Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

       The reviewing court is not "empowered to weigh the evidence or substitute its

conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir.

1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler,

743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age."  Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision."  Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

B.      Standard for Awarding Benefits Under the Act

The claimant bears the initial burden of establishing his or her disability.  42 U.S.C. § 423(d)(5).  To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled."  42 U.S.C. § 1381.  A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).  Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).  Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability.  42 U.S.C. § 423(d)(5)(A).  To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

C.    The Five-Step Evaluation Process

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one through four.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(b).  If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied.  Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment.  20 C.F.R. §§ 404.1520(a)(ii), (c).  An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Id.  In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered.  Id.  If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

───────────────

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. § 404.1594(f)(2).  If a claimant's impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act.  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled.  In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis.  Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  (Id.)  An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing."  Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work.  20 C.F.R. § 404.1520(e).  If the claimant is able to perform his past relevant work, he will not be found disabled under the Act.  In Burnett, the Third Circuit set forth the analysis at step four:

In step four, the ALJ must determine whether a claimant's residual functional

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P,

Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). Moreover, "the combined impact of the impairments will be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523. However, the burden still remains on the Plaintiff to prove that the impairments in combination are severe enough to qualify him for benefits. See Williams v. Barnhart, 87 Fed. Appx. 240, 243 (3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis would have resulted in a qualifying disability).

While Burnett involved a decision in which the ALJ's explanation of his step three determination was so inadequate as to be beyond meaningful judicial review, the Third Circuit applies its procedural requirements, as well as their interpretation in Jones, to every step of the decision. See, e.g., Rivera v. Commissioner, 164 Fed. Appx. 260, 262 (3d Cir. 2006). Thus, at every step, "the ALJ's decision must include sufficient evidence and analysis to allow for meaningful judicial review," but need not "adhere to a particular format." Id.

D.     The ALJ's decision

In brief, the issue before the ALJ was whether Plaintiff was disabled under the Social Security Act beginning September 7, 2003, her claimed date of onset of disability. The ALJ examined the record and determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity since the date of onset; 2) at step two, Plaintiff's condition after carpal tunnel syndrome surgery and her back pain were "severe" within the meaning of the Regulations; 3) at step three, Plaintiff's impairments did not meet or equal an impairment in the Listings; and 4) at

step four, the Plaintiff retained the residual functional capacity to perform her past relevant work. The ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act.

      E.    <u>Plaintiff's Appeal</u>

Plaintiff contends that the ALJ's decision should be reversed because: 1) the ALJ failed to give proper credence to Plaintiff's subjective complaints of pain and limitation; 2) the ALJ did not fully consider Plaintiff's non-exertional impairments; and 3) the ALJ erred in not eliciting the testimony of a vocational expert.

Plaintiff first argues that the ALJ erred by failing to give proper credence to Plaintiff's subjective complaints of pain and limitation.  The ALJ considered Plaintiff's subjective complaints and concluded: "The claimant's subjective complaints of disabling pain, mental distress, and other symptoms and limitation precluding all significant work activity are **not** fully credible or consistent with Social Security Ruling 96-7p and 20 CFR 404.1529." (Tr. 23.)  The ALJ found that, while Plaintiff's complaints "are reasonable to a degree," the record evidence "does not support them to the debilitating extent asserted."  (<u>Id.</u>)  The ALJ then set forth, in detail, the subjective complaints and the relevant record evidence.  (Tr. 23-24.)

Plaintiff argues that the ALJ failed to apply the correct legal standard regarding pain, but does not support this with an explanation.  The ALJ refers to the proper legal standard for evaluating subjective complaints of pain, 20 C.F.R. § 404.1529, and Plaintiff does not specify how the ALJ erred.  Instead, Plaintiff's brief merely summarizes some of the medical evidence as to her orthopedic problems.  The ALJ reviewed the evidence of orthopedic impairment and observed, inter alia:

> The lack of prescription pain medication belies the presence of severe pain
> preclusive of work activity.  Consistent with the medical record, I note that at the
> hearing, the claimant did not appear to be in any significant distress, she exhibited

no difficulty walking, sitting, or using her hands.

(Tr. 23.)  Plaintiff does not address this assessment, no less disagree with it, no less show how it was not supported by substantial evidence.

Furthermore, as the Commissioner contends, the report from independent expert Dr. Lamanna states that Plaintiff said that she was working part-time when she was evaluated on December 16, 2003, a date which is after her claimed disability onset date.  (Tr. 147.)  This supports the ALJ's questioning Plaintiff's credibility.

The ALJ also examined the Plaintiff's reports of her functioning in daily living and found that, by her own report, she was able to cook, shop for herself, drive, do volunteer work at a hospital, and go out to movies.  (Tr. 24.)  Plaintiff does not specifically dispute any of these findings.  The record provides substantial evidence in support of the ALJ's determination that Plaintiff's subjective complaints are not supported "to the debilitating extent asserted."

Plaintiff's brief points to some of the significant record evidence of orthopedic problems and treatments, but fails to engage with the real question at issue.  Plaintiff does not make any substantial argument that the ALJ erred at step three, that she should have been found disabled because she met or equaled an impairment in the listings.  Rather, in a case such as this one, the key issue is whether Plaintiff met her burden, at step four, of showing that she did not have the residual functional capacity to perform her past relevant work.  A claimant cannot meet this burden by just showing that she has had many documented medical problems and much treatment.  Rather, she must offer evidence that her impairments are such that her residual functional capacity prevents her from performing her past relevant work.  20 C.F.R. § 404.1520(f).  Plaintiff does not point to medical evidence of significant limitations to her ability to work.

9

Plaintiff points to Dr. Zhang's report, claiming that even the Commissioner's own consultant reported that the Plaintiff complained of back pain. (Pl.'s Br. 17.) Yet Dr. Zhang's report supports the ALJ's decision. While Dr. Zhang does report that Plaintiff complained of back pain, Dr. Zhang concluded that Plaintiff "has mild restriction for prolonged standing, walking, and a moderate restriction for heavy lifting, carrying, and holding when she is using the right hand." (Tr. 145.) Plaintiff does not address Dr. Zhang's conclusion as to her functional capacity, no less argue that this constitutes substantial evidence that Plaintiff lacks the residual functional capacity to perform her past relevant work. In this context, Dr. Zhang's documentation that Plaintiff complained of back pain does not indicate that the ALJ's conclusions were not supported by substantial evidence. Such vague, conclusory, and unfocussed argument as Plaintiff makes here does not suffice to show that Plaintiff's residual functional capacity is so impaired that she is unable to perform her past relevant work, or that the ALJ's decision was not supported by substantial evidence.

Having reviewed the medical evidence, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of light work. (Tr. 24.) Again, Plaintiff's brief does not even engage with this determination. Plaintiff does not argue against this assessment, nor point to record evidence showing that Plaintiff is not capable of light work. Having failed to address the crux of the ALJ's determination, Plaintiff fails to persuade this Court that the ALJ's decision is not supported by substantial evidence.

Plaintiff's second argument on appeal is that the ALJ did not fully consider the plaintiff's non-exertional urological and mental health impairments. Plaintiff, however, fails to articulate how the ALJ erred. As to the "urological difficulties," which Plaintiff does not specify in any greater detail, the ALJ stated that he obtained records post-hearing from Plaintiff's urologist, Dr.

10

Lehroff, and he discusses them.  (Tr. 22, 24, 182-265.)  The record thus shows that the ALJ considered Plaintiff's urological impairment.  Plaintiff does not offer any further explanation of how or why the ALJ erred in his consideration of this evidence.  This Court cannot find error in the absence of even a specific allegation.

Similarly, the ALJ considered the mental health evidence, giving significant weight to the statement by Plaintiff's treating physician, Dr. Tompsett, that Plaintiff "is essentially asymptomatic as long as she takes her lithium regularly."  (Tr. 19, 22, 151.)  Plaintiff does not offer further explanation of how or why the ALJ erred in his consideration of this evidence.  Again, this Court cannot find error in the absence of even a specific allegation.  Moreover, the ALJ's conclusion receives additional support from the opinion of the Commissioner's psychiatric consultant, Dr. Walia, who found that Plaintiff's bipolar disorder did not constitute a severe impairment, and found no functional limitations.  (Tr. 167, 177.)

As to Plaintiff's third argument, the ALJ did not err by not eliciting the testimony of a vocational expert.  As Plaintiff states, the question of whether to obtain the testimony of a vocational expert only becomes relevant at step five.  20 C.F.R. § 404.1566(e).  The ALJ concluded the evaluation process at step four.  Plaintiff has not even argued, no less shown, that the ALJ should have proceeded to step five.  As such, the testimony of a vocational expert has no relevance.

This Court has reviewed the ALJ's decision and the record it is based on.  In a nutshell, the ALJ examined the medical evidence and concluded that Plaintiff retained the residual functional capacity to perform light work.  Plaintiff does not contest the finding that her past relevant work as a sales assistant qualifies as light work.  Plaintiff has not persuaded this Court that the ALJ erred in his determination, nor that his decision was unsupported by substantial

evidence.  The ALJ's decision was supported by substantial evidence and will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


Dated: May 3, 2007


        s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.